FILED
2017 Apr-26 AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LAKESHIA SHEPPARD, | } |
| Plaintiff, | } |
| v. | } Case No.: 5:16-cv-01182-MHH |
| NPC INTERNATIONAL, INC., | } |
| Defendant. | } |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement. In her complaint, plaintiff Lakeshia Sheppard contends that her former employer, defendant NPC International, Inc., violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. (Doc. 1, pp. 11-13). The parties have agreed to settle Ms. Sheppard's FLSA claims, and they have asked the Court to approve the proposed settlement. (Doc. 19).[1] The Court will approve the FLSA settlement because the settlement is a fair and reasonable compromise of a bona fide dispute.

**I.  BACKGROUND**

---

[1] On April 25, 2017, the Court conducted a telephone conference on the parties' motion for settlement approval. A court reporter was present, and a transcript is available upon request.

Ms. Sheppard filed this lawsuit on June 16, 2016. (Doc. 1, p. 11).[2] In her complaint, Ms. Sheppard states that she worked for NPC as an hourly employee at NPC's Pizza Hut restaurant located in Moulton, Alabama. (Doc. 1, p. 12, ¶¶ 11-12). Ms. Sheppard alleges that NPC did not pay her minimum wages or overtime wages for all of the hours that she worked. (Doc. 1, p. 12, ¶¶ 13-18). According to Ms. Sheppard, NPC "willfully and intentionally failed and/or refused to pay [her] for hours worked and overtime rates" pursuant to its obligations under the FLSA. (Doc. 1, p. 12, ¶ 19). NPC disputes that it violated the FLSA and denies Ms. Sheppard's allegations that it willfully and intentionally failed to pay her minimum wages and overtime wages. (Doc. 7, ¶¶ 1, 13-19).

The parties engaged in settlement discussions to resolve this dispute. (Doc. 19-1, p. 2). In exchange for dismissal of this action with prejudice, NPC agreed to pay Ms. Sheppard a gross sum of $1,200.00. (Doc. 19-1, p. 4; *see* Doc. 19-2, p. 1). The $1,200.00 consists of $600.00 in claimed back wages and $600.00 in liquidated damages. (Doc. 19-2, p. 1). NPC also has agreed to pay $1,800.00 in attorneys' fees and costs. (Doc. 19-2, pp. 1-2). Ms. Sheppard has agreed to release all FLSA claims she might have against NPC, including all claims Ms. Sheppard has asserted against NPC in this lawsuit. (Doc. 19-2, p. 2). Ms. Sheppard also has agreed to release any claims she might have against NPC concerning the final year of her employment with

---

[2] This action began in state court. On July 18, 2016, NPC removed the case to federal court. (Doc. 1, pp. 1-4).

NPC or the end of her employment with NPC. (Doc. 19-2, p. 2).[3] As part of the settlement agreement, Ms. Sheppard will not seek future employment with NPC. (Doc. 19-2, p. 3). The parties represent that they believe that their proposed settlement resolves a bona fide dispute and avoids the cost and time associated with litigating the issues of liability, liquidated damages, willfulness, fees, and expenses. (Doc. 19-1, p. 7).

On this record, the Court considers the parties' motion to approve the proposed settlement of Ms. Sheppard's FLSA claims. (Doc. 19).

## II. DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in *Christopher*)). In addition to mandating a minimum wage, "the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Id.* (citing 29 U.S.C. § 207(a); *see also* 29 U.S.C. § 206(a)). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect "the

---

[3] During the April 25, 2017 telephone conference, counsel explained that Ms. Sheppard voluntarily left her employment with NPC in April 2015.

3

public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that her employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353; *see also*

4

*Hogan*, 821 F. Supp. 2d at 1281-82.[4]  "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

---

[4] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d at 1352-53 (footnotes omitted).  The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

Based on the Court's review of the information that the parties submitted regarding the terms of the proposed settlement agreement (Doc. 19-1; Doc. 19-2) and the information that counsel provided to the Court during the April 25, 2017 telephone conference, the Court finds that there is a bona fide dispute between the parties, and the settlement terms that the parties have negotiated are fair and reasonable. (*See* Doc. 19-1; Doc. 19-2). The parties agreed to settle Ms. Sheppard's claims in exchange for an amount in excess of the damages that Ms. Sheppard claims. (Doc. 19-1, p. 3). During the relevant period, Ms. Shephard worked 46.6 weeks. She claims that she worked an average of 40 minutes off the clock each week, including an average of ten minutes of overtime per week. (Doc. 19-1, p. 3). Therefore, Ms. Sheppard claims that she is entitled to $505.62 in wages and liquidated damages. (Doc. 19-1, p. 4). The settlement amount of $1,200.00 provides full recovery to Ms. Sheppard with the remainder as consideration for Ms. Sheppard's agreement to release all employment-related claims concerning her final year of employment with NPC or the conclusion of her employment with NPC. (Doc. 19-1, p. 4).

Generally, the Court would not be inclined to approve the broad release language that the parties propose in paragraph 5(iii) of the settlement agreement because such a release typically is ill-suited to an FLSA settlement. *Hogan*, 821 F. Supp. 2d at 1284 (stating that pervasive release language in an FLSA settlement is "overbroad and unfair" and should be "closely examined"). So too is the language in paragraph 8, which ordinarily would constitute an impermissible side deal regarding

6

Ms. Sheppard's future employment. *Id.* at 1282; *see also Parker v. Encore Rehabilitation, Inc.*, 2012 WL 6680311, \*5-6 (S.D. Ala. Dec. 21, 2012). Given the very unique circumstances of this case, which counsel explained during the April 25, 2017 telephone conference, the Court approves the terms this FLSA settlement.[5] The Court finds that the terms of the settlement are a fair and reasonable resolution of Ms. Sheppard's claims.

The Court also approves the negotiated attorneys' fee amount of $1,800.00. The $1,800.00 consists of $750.00 in claimed costs and $1,050.00 in claimed attorneys' fees. (Doc. 19-2, pp. 1-2). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1291 (N.D. Ala. 2014) (noting that even where payment of attorneys' fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement") (citing *Silva*, 307 Fed. Appx. at 349). Based upon the information that Ms. Sheppard's counsel provided during the telephone

---

[5] During the telephone conference on April 25, 2017, counsel for NPC represented that NPC no longer operates restaurants in Alabama. Therefore, as a practical matter, Ms. Sheppard would not work for NPC unless she moved to another state where NPC owns restaurants. Therefore, under the unique circumstances of this case, the Court will approve the settlement despite Ms. Sheppard's agreement that she will not seek future employment with NPC.

7

conference on April 25, 2017, the Court finds that the fee amount included in the settlement agreement adequately compensates counsel for the time invested in the action.[6] In addition, the negotiated fee does not compromise Ms. Sheppard's recovery. Rather, the fee is "separate and distinct from the settlement agreement." *Briggins*, 3 F. Supp. 3d at 1291. The Court finds the fee to be fair and reasonable.

## III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of Ms. Sheppard's claims. The Court concludes that there is a bona fide dispute regarding Ms. Sheppard's FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute. The Court will enter a separate order dismissing Ms. Sheppard's claims with prejudice and closing the file.

**DONE** and **ORDERED** this April 26, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[6] Ms. Sheppard's counsel represented that he expended approximately 20-30 hours on this matter after another attorney referred the case to him.